CT Corporation

**Service of Process Transmittal**
03/31/2021
CT Log Number 539303563

**TO:** MetLife Litigation Intake
Metropolitan Life Insurance Company
200 PARK AVENUE
NEW YORK, NY 10166

**RE:** **Process Served in Missouri**

**FOR:** Metropolitan Tower Life Insurance Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | C&A Gitto Corporation, Pltf. vs. Metropolitan Tower Life Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2122CC00468 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/31/2021 postmarked on 03/18/2021 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air<br><br>Image SOP<br><br>Email Notification,  MetLife Litigation Intake  litigationintake@metlife.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

MISSOURI DEPARTMENT OF COMMERCE AND INSURANCE
PO BOX 690
JEFFERSON CITY, MO 65102-0690

7018 0680 0002 2803 5431



FIRST CLASS

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 65109   $ 014.15
02 1W
0001395626 MAR 18 2021

METROPOLITAN TOWER LIFE
INSURANCE COMPANY
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

# FIRST CLASS MAIL



## PLEASE NOTE:

☒    Compact Disc is attached

☐    Cash Received $_____

☐    Other:

Hard copies of the documents will subsequently be shipped to you

Wolters Kluwer

State of Missouri

# Department of Commerce and Insurance



---

**TO:**   Corporate Secretary (or United States Manager or Last Appointed General Agent) of

   METROPOLITAN TOWER LIFE INSURANCE COMPANY
   CT CORPORATION SYSTEM
   120 SOUTH CENTRAL AVE.
   CLAYTON, MO 63105

**RE:**   Court: St. Louis City Circuit Court, Case Number: 2122-CC00468

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Thursday, March 18, 2021.

_Chlora Lindley-Myers_

Director of Commerce and Insurance

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC00468 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>C & A GITTO CORPORATION | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM T DOWD<br>211 NORTH BROADWAY<br>SUITE 4050<br>ST. LOUIS, MO 63102 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>METROPOLITAN TOWER LIFE INSURANCE<br>COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Declaratory Judgment | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **METROPOLITAN TOWER LIFE INSURANCE COMPANY**

**Alias:**

SERVE MO DIRECTOR OF INSURANCE
301 W HIGH STREET ROOM 530
JEFFERSON CITY, MO 65101

**COLE COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**March 16, 2021**
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                                              Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**2122-CC00468**

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| C&A GITTO CORPORATION, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    Cause No. |
| vs. | ) |
| | )    Division No. |
| METROPOLITAN TOWER LIFE | ) |
| INSURANCE COMPANY, | ) |
| Serve: Missouri Director of Insurance | ) |
|     301 W. High Street, Room 530 | ) |
|     Jefferson City, MO 65101 | ) |
| | ) |
|     Defendant. | ) |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff C&A Gitto Corporation, by and through its undersigned counsel, and for Plaintiff's cause of action against Defendant Metropolitan Tower Life Insurance Company ("MetLife"), states as follows:

### PARTIES

1.  Plaintiff C&A Gitto Corporation is a Missouri Corporation in good standing with its principal place of business in the City of St. Louis, State of Missouri, and is the owner and operator of Charlie Gitto's Downtown ("Restaurant"), a restaurant located at 207 N. 6th St, St. Louis, Missouri 63101.

2.  Defendant Metropolitan Tower Life Insurance Company is a Nebraska corporation and qualified to transact business in the State of Missouri. Defendant was a wholly owned subsidiary of MetLife, Inc., and maintained offices and employed agents in the City of St.

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

Louis, State of Missouri.  Pursuant to RSMO §375.906 and 20 CSR 800-2.010 MetLife can be served through the Missouri Director of Insurance.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to §478.070 RSMo, which provides that the circuit courts of the State of Missouri have subject matter jurisdiction over all cases and matters, civil and criminal, in excess of $25,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Defendant MetLife because Missouri's long-arm statute permits a court to exercise personal jurisdiction consistent with constitutional due process. *Missouri Supreme Court Rule 54.06*. Due process requires that a non-resident defendant have "certain minimum contacts" with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Defendant advertises, sells its products, and conducts substantial business in Missouri for profit. Defendant has agents in over 82 cities and/or towns across the State of Missouri. Therefore, Defendant has sufficient minimum contacts with Missouri as to not offend notions of fair play and substantial justice.

5.     Venue is proper pursuant to §508.010.4 RSMo, in that Plaintiff first sustained injury in the City of St. Louis, Missouri.

### FACTS COMMON TO ALL CLAIMS

6.     Defendant issued a life insurance policy ("Policy"), Policy No. 3060492, on January 5, 1987, valued at $184,000.00.

7.     The owner and beneficiary of the Policy was Plaintiff C&A Gitto Corporation.

8.     Under the terms of the insurance contract, Charlie Gitto, Sr., was the life insured ("Charlie").

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

9.      At all times relevant to Plaintiff's Petition, Charlie was in declining health.

10.     At all times relevant to Plaintiff's Petition, Charlie was isolated from friends and family due to the then-recently implemented and mandatory lockdowns in the Greater St. Louis metropolitan area in response to the COVID-19 pandemic.

11.     Prior to the COVID-19 lockdowns, Charlie would go to his Restaurant every day that it was open for business.

12.     Additionally, prior to the COVID-19 lockdowns, Charlie would bring his mail to his Restaurant to ensure his son-in-law or grandson, both of whom work at the Restaurant, could tend to his financial obligations and other business matters raised in Charlie's posted mail.

13.     Obviously, as a result of municipal COVID-19 orders restricting travel and in-person contact, Charlie's Restaurant was temporarily closed and the aforementioned arrangement relating to Charlie's posted mail became both impractical and impossible.

14.     On April 5, 2020, according to the Defendant, the Policy lapsed due to a late payment but was subject to a grace period of 60 days in consideration of the ongoing COVID-19 pandemic.

15.     Shortly after the lapse, but still within the grace period, Defendant mailed Charlie a Special Courtesy Offer to reinstate the policy. The Offer provided a due date of May 27, 2020, to satisfy the total amount in arrears, $2,648.66. The deadline fell within the grace period.

16.     On June 10, 2020, Defendant mailed Charlie a restatement letter which offered to reinstate of the Policy if Charlie submitted a payment of $2,648.66. The amount "include[ed] past due premiums as well as the current premium, and will pay your policy through July 5, 2020."

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

17.     Six days later, on June 16, 2020, Plaintiff sent a check to Defendant for $2,648.66 with a 'Memo' reading "Premium Payment for Policy 3060492." The Defendant accepted the payment and the check cleared Plaintiff's Lindell Bank account on June 23, 2020.

18.     Defendant acknowledged receipt of the late payment on June 23, 2020, less than two weeks after requesting the reinstatement amount. Defendant's own documents state, "[p]ayments made by check are considered paid when the full amount of the premium is received by the Company from the collecting bank(s)."

19.     Plaintiff did not receive any further correspondence from Defendant, and as a direct result, Plaintiff acted with the presumption that the payment was accepted, and that Charlie's Policy was reinstated by Defendant in accordance with the June 10, 2020, letter.

20.     Charlie E. Gitto Sr., passed away on July 4, 2020. It is fitting that Charlie died on the 4th of July as he was a great American.

21.     Pursuant to Defendant's June 10, 2020, letter, the $2,648.66 in arrears paid by Plaintiff and accepted by Defendant, constituted reinstatement and full payment through July 5, 2020.

22.     On August 19, 2020, Defendant purported to "refund" the $2,648.66 to Plaintiff.

23.     At the time of Defendant's specious refund, Defendant made no affirmative statement as to why the money was returned to Plaintiff.

24.     On September 13, 2020, approximately one month after the refund and over two months after Charlie's death, Plaintiff received the reduced policy amount of $97,366.00. Defendant withheld the balance of the Policy, or $86,634.00.

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

25.     At no time between June 16, 2020 through the present was Plaintiff informed by Defendant that the late payment of $2,648.66 was not accepted.

### COUNT I – ESTOPPEL

26.     Plaintiff herewith adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 25 of this Petition, the same as if fully herein set forth.

27.     In reliance of Defendant's statements in the June 10 letter, Plaintiff submitted the June 16 payment of $2,648.66 to Defendant under the reasonable belief that the overdue payment would be and then was accepted by Defendant and the Policy reinstated.

28.     As a result of Defendant's acceptance of Plaintiff's payment, Plaintiff took no further action and continued to operate its Restaurant under the reasonable belief that Charlie's life insurance was reinstated, and that the full Policy would be distributed in the event of Charlie's death. Plaintiff held this belief even after Charlie's death and did not become aware of Defendant's decision until the September 13, 2020 partial distribution of the Policy.

29.     As a direct and proximate result of Defendant's delayed repudiation [Is this the correct contractual legal term?  Is "return" better? of Plaintiff's $2,648.66 premium payment, Plaintiff sustained an immediate injury in the amount of $86,634.00, and further injuries resulting from Defendant's unanticipated reduction of Charlie's coverage death benefit.

30.     As a direct and proximate result of Plaintiff's reliance on Defendant's acceptance per the terms of its own offer of the $2,648.66 premium payment, Plaintiff acted in reliance on Defendant's conduct and representations to Plaintiff's detriment and suffered injuries as a result in the amount of the withheld balance, $86,634.00.

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

WHEREFORE Plaintiff C&A Gitto Corp prays judgment against Defendant in an amount in excess of $25,000.00, as and for its actual damages, for its costs, and for such other and further relief as the Court deems just and proper, the premises considered.

### COUNT II – VEXATIOUS REFUSAL

31.     Plaintiff herewith adopts and incorporates by reference each and every allegation contained in paragraphs 1 – 25 of this Petition, the same as if fully herein set forth.

32.     At all times relevant to Plaintiff's Petition, Defendant was duly registered to conduct business and issue policies of life insurance in the State of Missouri. At such times noted herein, Defendant did maintain an office for the conduct of its normal business and did further operate and otherwise conduct business in the State of Missouri.

33.     At all times relevant, Plaintiff was a defined insured under a life insurance policy issued to Plaintiff by Defendant, pursuant to its policy number 3060492.

34.     On July 4, 2020, Charlie passed away in St. Louis County, Missouri.

35.     Due demand has been made on Defendant by Plaintiff to pay the balance of $86,634.00 as covered by the Policy. Defendant has wrongfully refused to pay without reasonable cause or excuse.

36.     Due demand has also been made on Defendant by Plaintiff to produce a certified copy and digital copy of the Policy. Defendant has wrongfully refused to produce the Policy in either format without reasonable cause or excuse.

37.     Defendant's failure and refusal to make payment to Plaintiff pursuant to the Policy provisions of the life insurance contract is vexatious in nature to the extent to justify and

Electronically Filed - City of St. Louis - March 05, 2021 - 04:11 PM

cause an award of additional amounts to Plaintiff for the delay and refusal and for the attorney's fees related to this action pursuant to the provisions of § 375.296 RSMo and § 375.420 RSMo.

WHEREFORE Plaintiff C&A Gitto Corp prays judgment against Defendant for damages in an amount that is fair and reasonable, and for an additional sum for Defendant's vexatious refusal to make payment following demand for payment, and for reasonable attorney's fees, and for such further relief as this Honorable Court deems just and proper, the premises considered.

**DOWD & DOWD, P.C.**

Dated: March 5, 2021         By: */s/ William T. Dowd*
                             WILLIAM T. DOWD (39648)
                             bill@dowdlaw.net
                             MICHAEL DURHAM (72776)
                             mike@dowdlaw.net
                             211 North Broadway, 40th Floor
                             St. Louis, MO  63102
                             (314) 621-2500
                             (314) 621-2503 Fax

                             *Attorneys for Plaintiffs*

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

C&A GITTO CORPORATION,                    )
                                          )
        Plaintiff,                        )
                                          )   Cause No. 2122-CC00468
vs.                                       )
                                          )   Division No. 1
METROPOLITAN TOWER LIFE                   )
INSURANCE COMPANY,                        )
                                          )
        Defendant.                        )

## PLAINTFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Requests for Production Directed to Defendant Metropolitan Tower Life Insurance Company, states as follows:

The Instructions and Definitions herein shall be considered a part of each separate production request, and the information requested shall include the information described in said instructions and definitions. The time period to be covered in each response is that time period relevant to the issues involved.

## DEFINITIONS AND INSTRUCTIONS

A.      Unless otherwise specified, each document requested herein pertains to documents in your possession or custody or subject to your control, reflecting or relating in any way to any fact, occurrence, thing or other matter described.

B.      The words **"you"** or **"your"** means Defendant Metropolitan Tower Life Insurance Company and its agents and affiliates and all other persons acting or purporting to act on its behalf. "Affiliate" means as defined in 12 USC Section 221a(b).

1

C.      The word "**document**" means any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, emails, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, data, notations, work papers, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda, reports and recordings of telephone or other conversations, or of interview, or of conferences, or of committee meetings or of other meetings, affidavits, statements, summaries, opinions, reports, records, forms studies, analyses, formulae, plans, specifications, evaluations, contracts, deeds, licenses, agreements, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books, or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, catalogs, lists, indexes, tabulations, calculations, charts, graphs, maps, surveys, drawings, renderings, diagrams, photographs, recordings, films, computer programs, computer tapes, magnetic tapes and cards, punch cards, computer printouts, data processing input and output microfilms, all other records or information kept by electronic, photographic, mechanical or other means, and things similar to any of the foregoing, however denominated.

D.      "**Relate**," "**related**," or "**relating**" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

2

D.      The words **"and"** and **"or"** shall be construed disjunctively or conjunctively to bring within the scope of each request for admission all responses which otherwise might be construed to be outside the scope of a request for admission.

E.      With respect to any document responsive hereto as to which you wish to assert a claim of privilege, submit a list identifying such document by stating its date, its signer or signers, each person who participated in its preparation, the addressee or addresses, the person or persons by whom it was received, the general subject matter thereof, the present or last-known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof) and the basis for your claim of privilege with respect thereto.

F.      With respect to any document responsive hereto which was, but is no longer, in your possession or subject to your control, submit a statement setting forth as to each such document what disposition was made of it.

G.      Documents are to be produced separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below and you are to indicate with respect to each group of documents produced the paragraph to which the group is responsive.

H.      This Request for Production is a continuing request. This Defendant is to produce for inspection and copying all documents that come into its possession after the date for initial production herein. This Defendant's counsel shall inform Plaintiff's counsel in a timely fashion of this Defendant's receipt of documents called for under this Request for Production and not previously produced.

## <u>DUTY TO SUPPLEMENT</u>

These Requests for Production shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend its Responses to the extent required by Rule 56.01(e)

of the Missouri Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1. The documents Defendant Metropolitan Tower Life Insurance Company has received from Plaintiff and/or Charles Gitto Sr. ("Life Insured"), their agents, or attorneys, to date, relating to the allegations in the Petition, including the claim for the full death benefit and vexatious refusal conduct.

**RESPONSE:**

2. The documents or data that contain all communications and correspondence between Plaintiff and/or Life Insured, their agents, or attorney and Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys, to date, relating to the Policy No. 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

**RESPONSE:**

3. The documents or data that contain all communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys and any third party, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

**RESPONSE:**

4. The documents or data that contain all internal communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents and employees or attorneys, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

**RESPONSE:**

5. The documents that contain any statement made by Plaintiff and/or Life Insured relating to the Policy and claim for death benefits and vexatious refusal conduct and damages mentioned in the Petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, including documents that contain the following:

    a. Date, place and time taken;

    b. Name and address of the person or persons connected with taking it;

    c. Names and addresses of all persons present at the time it was taken;

    d. Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e. Signatures of witnesses or Plaintiff related to the statement described above;

    f. Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g. An exact copy of the original of the statement, interview, report, video, film or tape and if oral, please produce a document containing verbatim the contents thereof.

**RESPONSE:**

6. A complete and legible copy of the original insurance policy issued numbered 3060492, including all addendums, endorsements, amendments, exclusions rights, options and modifications, whether issued with the original insurance policy or purportedly added after the original issuance.

**RESPONSE:**

7. Produce any report made by you relating to Plaintiff and/or Life Insured and the claim for the full death benefit of $184,000.

**RESPONSE**:

DOWD & DOWD, P.C

BY:   /s/ William T. Dowd
      WILLIAM T. DOWD (39648)
      MICHAEL DURHAM (72776)
      211 North Broadway, Suite 4050
      St. Louis, Missouri 63102
      P: (314) 621-2500
      F: (314) 621-2503
      bill@dowdlaw.net
      mike@dowdlaw.net
      *Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

/s/ *William T. Dowd*

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| **C&A GITTO CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Cause No. 2122-CC00468** |
| **vs.** | ) |
| | ) **Division No. 1** |
| **METROPOLITAN TOWER LIFE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Requests for Production Directed to Defendant Metropolitan Tower Life Insurance Company, states as follows:

The Instructions and Definitions herein shall be considered a part of each separate production request, and the information requested shall include the information described in said instructions and definitions. The time period to be covered in each response is that time period relevant to the issues involved.

## DEFINITIONS AND INSTRUCTIONS

A.      Unless otherwise specified, each document requested herein pertains to documents in your possession or custody or subject to your control, reflecting or relating in any way to any fact, occurrence, thing or other matter described.

B.      The words **"you"** or **"your"** means Defendant Metropolitan Tower Life Insurance Company and its agents and affiliates and all other persons acting or purporting to act on its behalf. "Affiliate" means as defined in 12 USC Section 221a(b).

1

C.     The word "**document**" means any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, emails, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, data, notations, work papers, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda, reports and recordings of telephone or other conversations, or of interview, or of conferences, or of committee meetings or of other meetings, affidavits, statements, summaries, opinions, reports, records, forms studies, analyses, formulae, plans, specifications, evaluations, contracts, deeds, licenses, agreements, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books, or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, catalogs, lists, indexes, tabulations, calculations, charts, graphs, maps, surveys, drawings, renderings, diagrams, photographs, recordings, films, computer programs, computer tapes, magnetic tapes and cards, punch cards, computer printouts, data processing input and output microfilms, all other records or information kept by electronic, photographic, mechanical or other means, and things similar to any of the foregoing, however denominated.

D.     "**Relate**," "**related**," or "**relating**" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

2

D.     The words "**and**" and "**or**" shall be construed disjunctively or conjunctively to bring within the scope of each request for admission all responses which otherwise might be construed to be outside the scope of a request for admission.

E.      With respect to any document responsive hereto as to which you wish to assert a claim of privilege, submit a list identifying such document by stating its date, its signer or signers, each person who participated in its preparation, the addressee or addresses, the person or persons by whom it was received, the general subject matter thereof, the present or last-known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof) and the basis for your claim of privilege with respect thereto.

F.      With respect to any document responsive hereto which was, but is no longer, in your possession or subject to your control, submit a statement setting forth as to each such document what disposition was made of it.

G.     Documents are to be produced separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below and you are to indicate with respect to each group of documents produced the paragraph to which the group is responsive.

H.     This Request for Production is a continuing request.  This Defendant is to produce for inspection and copying all documents that come into its possession after the date for initial production herein.  This Defendant's counsel shall inform Plaintiff's counsel in a timely fashion of this Defendant's receipt of documents called for under this Request for Production and not previously produced.

### DUTY TO SUPPLEMENT

These Requests for Production shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend its Responses to the extent required by Rule 56.01(e)

of the Missouri Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION**

1.  The documents Defendant Metropolitan Tower Life Insurance Company has received from Plaintiff and/or Charles Gitto Sr. ("Life Insured"), their agents, or attorneys, to date, relating to the allegations in the Petition, including the claim for the full death benefit and vexatious refusal conduct.

    **RESPONSE:**

2.  The documents or data that contain all communications and correspondence between Plaintiff and/or Life Insured, their agents, or attorney and Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys, to date, relating to the Policy No. 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

    **RESPONSE:**

3.  The documents or data that contain all communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys and any third party, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

    **RESPONSE:**

4

4.  The documents or data that contain all internal communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents and employees or attorneys, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

**RESPONSE:**

5.  The documents that contain any statement made by Plaintiff and/or Life Insured relating to the Policy and claim for death benefits and vexatious refusal conduct and damages mentioned in the Petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, including documents that contain the following:

    a.   Date, place and time taken;

    b.   Name and address of the person or persons connected with taking it;

    c.   Names and addresses of all persons present at the time it was taken;

    d.   Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.   Signatures of witnesses or Plaintiff related to the statement described above;

    f.   Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.   An exact copy of the original of the statement, interview, report, video, film or tape and if oral, please produce a document containing verbatim the contents thereof.

**RESPONSE:**

6. A complete and legible copy of the original insurance policy issued numbered 3060492, including all addendums, endorsements, amendments, exclusions rights, options and modifications, whether issued with the original insurance policy or purportedly added after the original issuance.

   **RESPONSE:**

7. Produce any report made by you relating to Plaintiff and/or Life Insured and the claim for the full death benefit of $184,000.

   **RESPONSE**:

<div style="margin-left:40%">

DOWD & DOWD, P.C

BY:  /s/ William T. Dowd
      WILLIAM T. DOWD (39648)
      MICHAEL DURHAM (72776)
      211 North Broadway, Suite 4050
      St. Louis, Missouri 63102
      P: (314) 621-2500
      F: (314) 621-2503
      bill@dowdlaw.net
      mike@dowdlaw.net
      *Attorneys for Plaintiff*

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

<u>/s/ *William T. Dowd*</u>

7

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **C&A GITTO CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No. 2122-CC00468** |
| **vs.** | ) | |
| | ) | **Division No. 1** |
| **METROPOLITAN TOWER LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Requests for Production Directed to Defendant Metropolitan Tower Life Insurance Company, states as follows:

The Instructions and Definitions herein shall be considered a part of each separate production request, and the information requested shall include the information described in said instructions and definitions. The time period to be covered in each response is that time period relevant to the issues involved.

## DEFINITIONS AND INSTRUCTIONS

A.      Unless otherwise specified, each document requested herein pertains to documents in your possession or custody or subject to your control, reflecting or relating in any way to any fact, occurrence, thing or other matter described.

B.      The words **"you"** or **"your"** means Defendant Metropolitan Tower Life Insurance Company and its agents and affiliates and all other persons acting or purporting to act on its behalf. "Affiliate" means as defined in 12 USC Section 221a(b).

1

C.     The word "**document**" means any kind of written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, emails, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, data, notations, work papers, inter-office communications, inter-departmental communications, transcripts, minutes, memoranda, reports and recordings of telephone or other conversations, or of interview, or of conferences, or of committee meetings or of other meetings, affidavits, statements, summaries, opinions, reports, records, forms studies, analyses, formulae, plans, specifications, evaluations, contracts, deeds, licenses, agreements, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books, or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, catalogs, lists, indexes, tabulations, calculations, charts, graphs, maps, surveys, drawings, renderings, diagrams, photographs, recordings, films, computer programs, computer tapes, magnetic tapes and cards, punch cards, computer printouts, data processing input and output microfilms, all other records or information kept by electronic, photographic, mechanical or other means, and things similar to any of the foregoing, however denominated.

D.     "**Relate**," "**related**," or "**relating**" means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

2

D.    The words "**and**" and "**or**" shall be construed disjunctively or conjunctively to bring within the scope of each request for admission all responses which otherwise might be construed to be outside the scope of a request for admission.

E.    With respect to any document responsive hereto as to which you wish to assert a claim of privilege, submit a list identifying such document by stating its date, its signer or signers, each person who participated in its preparation, the addressee or addresses, the person or persons by whom it was received, the general subject matter thereof, the present or last-known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof) and the basis for your claim of privilege with respect thereto.

F.    With respect to any document responsive hereto which was, but is no longer, in your possession or subject to your control, submit a statement setting forth as to each such document what disposition was made of it.

G.    Documents are to be produced separately, as far as reasonably practical, according to each of the numbered paragraphs set forth below and you are to indicate with respect to each group of documents produced the paragraph to which the group is responsive.

H.    This Request for Production is a continuing request.  This Defendant is to produce for inspection and copying all documents that come into its possession after the date for initial production herein.  This Defendant's counsel shall inform Plaintiff's counsel in a timely fashion of this Defendant's receipt of documents called for under this Request for Production and not previously produced.

## DUTY TO SUPPLEMENT

These Requests for Production shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend its Responses to the extent required by Rule 56.01(e)

3

of the Missouri Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1.  The documents Defendant Metropolitan Tower Life Insurance Company has received from Plaintiff and/or Charles Gitto Sr. ("Life Insured"), their agents, or attorneys, to date, relating to the allegations in the Petition, including the claim for the full death benefit and vexatious refusal conduct.

    **RESPONSE:**

2.  The documents or data that contain all communications and correspondence between Plaintiff and/or Life Insured, their agents, or attorney and Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys, to date, relating to the Policy No. 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

    **RESPONSE:**

3.  The documents or data that contain all communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents or attorneys and any third party, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

    **RESPONSE:**

4. The documents or data that contain all internal communications and correspondence between the Defendant Metropolitan Tower Life Insurance Company, its agents and employees or attorneys, to date, relating to the Policy numbered 3060492 and as more fully alleged in the Petition, including the reasons, justification and basis for the Defendant's refusal to pay the full death benefit of $184,000.

**RESPONSE:**

5. The documents that contain any statement made by Plaintiff and/or Life Insured relating to the Policy and claim for death benefits and vexatious refusal conduct and damages mentioned in the Petition, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, including documents that contain the following:

    a.   Date, place and time taken;

    b.   Name and address of the person or persons connected with taking it;

    c.   Names and addresses of all persons present at the time it was taken;

    d.   Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.   Signatures of witnesses or Plaintiff related to the statement described above;

    f.   Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.   An exact copy of the original of the statement, interview, report, video, film or tape and if oral, please produce a document containing verbatim the contents thereof.

**RESPONSE:**

6. A complete and legible copy of the original insurance policy issued numbered 3060492, including all addendums, endorsements, amendments, exclusions rights, options and modifications, whether issued with the original insurance policy or purportedly added after the original issuance.

**RESPONSE:**

7. Produce any report made by you relating to Plaintiff and/or Life Insured and the claim for the full death benefit of $184,000.

**RESPONSE**:


DOWD & DOWD, P.C

BY:   /s/ William T. Dowd
WILLIAM T. DOWD (39648)
MICHAEL DURHAM (72776)
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
P: (314) 621-2500
F: (314) 621-2503
bill@dowdlaw.net
mike@dowdlaw.net
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

/s/ *William T. Dowd*

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| C&A GITTO CORPORATION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Cause No. 2122-CC00468 |
| vs. | ) |
| | ) Division No. 1 |
| METROPOLITAN TOWER LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT
METROPOLITAN TOWER LIFE INSURANCE COMPANY**

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 57.01 of the Missouri

Rules of Civil Procedure, and herewith propounds Plaintiff's First Set of Interrogatories Directed

to Defendant Metropolitan, states as follows:

**INSTRUCTIONS**

A.    In answering each Interrogatory, please identify the source of your information,

including the name and address and the business or employer of each person furnishing same, or,

if obtained from documents or files, the name and address of the custodian thereof and his business

or employer, the location of said documents and a description sufficient to identify same.

B.    If the information requested is not reasonably available to this Defendant, state what

efforts this Defendant made to obtain the information, and from what source such information

might be obtained, if known to this Defendant.

C.    If the information requested is not available in precisely the form requested but can

be supplied in a slightly modified form, please state in your answer whatever information is

available concerning the subject of the Interrogatories.

1

D.     Where the answer calls for information derived from records or documents available to this Defendant, this Defendant may satisfy the Interrogatories by furnishing the documents or copies thereof, to the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Defendant Metropolitan Tower Life Insurance Company (henceforth "Defendant Metropolitan"), and its agents and affiliates and all other persons acting or purporting to act on its behalf.  "Affiliate" means as defined in 12 USC Section 221a(b).

B.     "Person" refers to the plural as well as the singular and means any natural person (whether currently alive or not), firm, association, partnership, corporation or other form of legal entity.

C.     "Identify" when referring to any person (whether connected with identification of documents, oral communications or otherwise), means to set forth the name, present or last known address of each person and, if an individual, his or her employer and title or position during the period referred to.  Once a person has been thus identified in an answer to an Interrogatory, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

D.     "Identify" or "describe" when referring to a document, means to identify each author, originator or contributor, each addressee, including each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy, and to set forth the date and subject matter thereof.

E.     "Document" means any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, manuals,

2

instructions, warranties, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, receipts, canceled checks, money orders, invoices and bills in the possession and/or control of claimant or known by claimant to exist.

F.   "Identify" means, with respect to oral utterance, to state all of the following information:

(1)   State the substance of the oral utterance;

(2)   State the date and place thereof;

(3)   Identify the person who made the oral utterance; and

(4)   Identify such person who was present at the time the oral utterance was made.

## DUTY TO SUPPLEMENT

These Interrogatories shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend his answers to the extent required by Rule 56.01(e) of the Missouri Rules of Civil Procedure.

## INTERROGATORIES

1.   State whether or not this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.

**ANSWER:**

2.   State:

a.   The name and present business address of each and every individual who supplied information used to answer these Interrogatories;

3

    b.  His/her relationship to Defendant Metropolitan; and

    c.  His/her position of employment or his/her legal capacity within Defendant's corporate administration.

**ANSWER:**

3.  Are you aware of any statement made by Plaintiff, its agents servants, employees or attorneys regarding the occurrence mentioned in the Petition including the claim for full death benefit of $184,000 and lack of justification or excuse for Defendants failure to pay the full death benefit, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, identify those materials and state the following:

    a.  Date, place, and time taken;

    b.  Name and address of the person or persons connected with taking it;

    c.  Names and addresses of all persons present at the time it was taken;

    d.  Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.  Whether it was it signed;

    f.  Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.  Please attach an exact copy of the original of the statement, interview, report, film, or tape to your Answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

4. List and identify:

    a. Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

        i. Name;

        ii. Address;

        iii. Occupation;

        iv. Place of Employment;

        v. Qualifications to give an opinion (If such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart);

    b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee; and

    c. Identify each non-retained expert witness, including a party, who this Defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER**:

5. State the policy number of each policy issued by this Defendant, as defined herein, on the life of Charles Gitto Sr. ("Life Insured"). If so, identify the policy and state the following:

a. Name of the insurance company;

b. Name of the agent or broker who sold the policy;

c. The amount of the initial premium and the total amount received in the form of payments from or on behalf of Plaintiff through the present;

d. Amount of the death benefit when the policy was issued;

e. Type of life insurance product;

f. Effective date of policy;

g. Policy number;

h. Any amendment or changes to the terms and conditions for the owner to receive the death benefits since said policy was issued; and

i. Identify all documents that contain the foregoing information.

**ANSWER:**

6. State the reason, justification and basis as to why Defendant Metropolitan did not pay the full death benefit of $184,000 after accepting the reinstatement payment of $2,648.66 in June 2020 that included "past due premiums as well as current premium, and will pay your policy through July 5, 2020" after the notice of the Life Insured's death on July 4, 2020 per the claim process and the attempted refund on or about August 19, 2020 and identify the persons with knowledge of the reasons, justification and basis for this denial and attempted refund and identify all documents that contain the foregoing information.

**ANSWER:**

6

DOWD & DOWD, P.C

BY:   /s/ William T. Dowd
         WILLIAM T. DOWD (39648)
         MICHAEL DURHAM (72776)
         211 North Broadway, Suite 4050
         St. Louis, Missouri 63102
         P: (314) 621-2500
         F: (314) 621-2503
         bill@dowdlaw.net
         racheldowd@dowdlaw.net
         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

*/s/ William T. Dowd*

7

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **C&A GITTO CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No. 2122-CC00468** |
| **vs.** | ) | |
| | ) | **Division No. 1** |
| **METROPOLITAN TOWER LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Set of Interrogatories Directed to Defendant Metropolitan, states as follows:

### INSTRUCTIONS

A.    In answering each Interrogatory, please identify the source of your information, including the name and address and the business or employer of each person furnishing same, or, if obtained from documents or files, the name and address of the custodian thereof and his business or employer, the location of said documents and a description sufficient to identify same.

B.    If the information requested is not reasonably available to this Defendant, state what efforts this Defendant made to obtain the information, and from what source such information might be obtained, if known to this Defendant.

C.    If the information requested is not available in precisely the form requested but can be supplied in a slightly modified form, please state in your answer whatever information is available concerning the subject of the Interrogatories.

1

D.     Where the answer calls for information derived from records or documents available to this Defendant, this Defendant may satisfy the Interrogatories by furnishing the documents or copies thereof, to the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Defendant Metropolitan Tower Life Insurance Company (henceforth "Defendant Metropolitan"), and its agents and affiliates and all other persons acting or purporting to act on its behalf.  "Affiliate" means as defined in 12 USC Section 221a(b).

B.     "Person" refers to the plural as well as the singular and means any natural person (whether currently alive or not), firm, association, partnership, corporation or other form of legal entity.

C.     "Identify" when referring to any person (whether connected with identification of documents, oral communications or otherwise), means to set forth the name, present or last known address of each person and, if an individual, his or her employer and title or position during the period referred to.  Once a person has been thus identified in an answer to an Interrogatory, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

D.     "Identify" or "describe" when referring to a document, means to identify each author, originator or contributor, each addressee, including each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy, and to set forth the date and subject matter thereof.

E.     "Document" means any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, manuals,

2

instructions, warranties, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, receipts, canceled checks, money orders, invoices and bills in the possession and/or control of claimant or known by claimant to exist.

      F.    "Identify" means, with respect to oral utterance, to state all of the following information:

      (1)   State the substance of the oral utterance;

      (2)   State the date and place thereof;

      (3)   Identify the person who made the oral utterance; and

      (4)   Identify such person who was present at the time the oral utterance was made.

## DUTY TO SUPPLEMENT

These Interrogatories shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend his answers to the extent required by Rule 56.01(e) of the Missouri Rules of Civil Procedure.

## INTERROGATORIES

1.    State whether or not this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.

    **ANSWER:**

2.  State:

      a.   The name and present business address of each and every individual who supplied information used to answer these Interrogatories;

    b.  His/her relationship to Defendant Metropolitan; and

    c.  His/her position of employment or his/her legal capacity within Defendant's corporate administration.

**ANSWER:**

3.  Are you aware of any statement made by Plaintiff, its agents servants, employees or attorneys regarding the occurrence mentioned in the Petition including the claim for full death benefit of $184,000 and lack of justification or excuse for Defendants failure to pay the full death benefit, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, identify those materials and state the following:

    a.  Date, place, and time taken;

    b.  Name and address of the person or persons connected with taking it;

    c.  Names and addresses of all persons present at the time it was taken;

    d.  Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.  Whether it was it signed;

    f.  Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.  Please attach an exact copy of the original of the statement, interview, report, film, or tape to your Answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

4. List and identify:

   a. Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

      i. Name;

      ii. Address;

      iii. Occupation;

      iv. Place of Employment;

      v. Qualifications to give an opinion (If such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart);

   b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee; and

   c. Identify each non-retained expert witness, including a party, who this Defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

   **ANSWER**:

5. State the policy number of each policy issued by this Defendant, as defined herein, on the life of Charles Gitto Sr. ("Life Insured"). If so, identify the policy and state the following:

a. Name of the insurance company;

b. Name of the agent or broker who sold the policy;

c. The amount of the initial premium and the total amount received in the form of payments from or on behalf of Plaintiff through the present;

d. Amount of the death benefit when the policy was issued;

e. Type of life insurance product;

f. Effective date of policy;

g. Policy number;

h. Any amendment or changes to the terms and conditions for the owner to receive the death benefits since said policy was issued; and

i. Identify all documents that contain the foregoing information.

**ANSWER**:


6.   State the reason, justification and basis as to why Defendant Metropolitan did not pay the full death benefit of $184,000 after accepting the reinstatement payment of $2,648.66 in June 2020 that included "past due premiums as well as current premium, and will pay your policy through July 5, 2020" after the notice of the Life Insured's death on July 4, 2020 per the claim process and the attempted refund on or about August 19, 2020 and identify the persons with knowledge of the reasons, justification and basis for this denial and attempted refund and identify all documents that contain the foregoing information.

**ANSWER**:

DOWD & DOWD, P.C

BY:   /s/ William T. Dowd
        WILLIAM T. DOWD (39648)
        MICHAEL DURHAM (72776)
        211 North Broadway, Suite 4050
        St. Louis, Missouri 63102
        P: (314) 621-2500
        F: (314) 621-2503
        bill@dowdlaw.net
        racheldowd@dowdlaw.net
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

*/s/ William T. Dowd*

7

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

C&A GITTO CORPORATION,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Cause No. 2122-CC00468
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Division No. 1
METROPOLITAN TOWER LIFE　　　　　　)
INSURANCE COMPANY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)

**PLAINTFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT
METROPOLITAN TOWER LIFE INSURANCE COMPANY**

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 57.01 of the Missouri

Rules of Civil Procedure, and herewith propounds Plaintiff's First Set of Interrogatories Directed

to Defendant Metropolitan, states as follows:

**INSTRUCTIONS**

A.　　In answering each Interrogatory, please identify the source of your information,

including the name and address and the business or employer of each person furnishing same, or,

if obtained from documents or files, the name and address of the custodian thereof and his business

or employer, the location of said documents and a description sufficient to identify same.

B.　　If the information requested is not reasonably available to this Defendant, state what

efforts this Defendant made to obtain the information, and from what source such information

might be obtained, if known to this Defendant.

C.　　If the information requested is not available in precisely the form requested but can

be supplied in a slightly modified form, please state in your answer whatever information is

available concerning the subject of the Interrogatories.

1

D.     Where the answer calls for information derived from records or documents available to this Defendant, this Defendant may satisfy the Interrogatories by furnishing the documents or copies thereof, to the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Defendant Metropolitan Tower Life Insurance Company (henceforth "Defendant Metropolitan"), and its agents and affiliates and all other persons acting or purporting to act on its behalf.  "Affiliate" means as defined in 12 USC Section 221a(b).

B.     "Person" refers to the plural as well as the singular and means any natural person (whether currently alive or not), firm, association, partnership, corporation or other form of legal entity.

C.     "Identify" when referring to any person (whether connected with identification of documents, oral communications or otherwise), means to set forth the name, present or last known address of each person and, if an individual, his or her employer and title or position during the period referred to.  Once a person has been thus identified in an answer to an Interrogatory, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

D.     "Identify" or "describe" when referring to a document, means to identify each author, originator or contributor, each addressee, including each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy, and to set forth the date and subject matter thereof.

E.     "Document" means any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, manuals,

2

instructions, warranties, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, receipts, canceled checks, money orders, invoices and bills in the possession and/or control of claimant or known by claimant to exist.

F.   "Identify" means, with respect to oral utterance, to state all of the following information:

(1)  State the substance of the oral utterance;

(2)  State the date and place thereof;

(3)  Identify the person who made the oral utterance; and

(4)  Identify such person who was present at the time the oral utterance was made.

## DUTY TO SUPPLEMENT

These Interrogatories shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend his answers to the extent required by Rule 56.01(e) of the Missouri Rules of Civil Procedure.

## INTERROGATORIES

1.   State whether or not this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.

**ANSWER:**

2.   State:

a.   The name and present business address of each and every individual who supplied information used to answer these Interrogatories;

3

    b.  His/her relationship to Defendant Metropolitan; and

    c.  His/her position of employment or his/her legal capacity within Defendant's corporate administration.

**ANSWER:**

3.  Are you aware of any statement made by Plaintiff, its agents servants, employees or attorneys regarding the occurrence mentioned in the Petition including the claim for full death benefit of $184,000 and lack of justification or excuse for Defendants failure to pay the full death benefit, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, identify those materials and state the following:

    a.  Date, place, and time taken;

    b.  Name and address of the person or persons connected with taking it;

    c.  Names and addresses of all persons present at the time it was taken;

    d.  Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.  Whether it was it signed;

    f.  Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.  Please attach an exact copy of the original of the statement, interview, report, film, or tape to your Answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

4

4. List and identify:

    a. Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

        i. Name;

        ii. Address;

        iii. Occupation;

        iv. Place of Employment;

        v. Qualifications to give an opinion (If such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart);

    b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee; and

    c. Identify each non-retained expert witness, including a party, who this Defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER:**

5. State the policy number of each policy issued by this Defendant, as defined herein, on the life of Charles Gitto Sr. ("Life Insured"). If so, identify the policy and state the following:

    a.   Name of the insurance company;

    b.   Name of the agent or broker who sold the policy;

    c.   The amount of the initial premium and the total amount received in the form of payments from or on behalf of Plaintiff through the present;

    d.   Amount of the death benefit when the policy was issued;

    e.   Type of life insurance product;

    f.   Effective date of policy;

    g.   Policy number;

    h.   Any amendment or changes to the terms and conditions for the owner to receive the death benefits since said policy was issued; and

    i.   Identify all documents that contain the foregoing information.

**ANSWER:**


6.   State the reason, justification and basis as to why Defendant Metropolitan did not pay the full death benefit of $184,000 after accepting the reinstatement payment of $2,648.66 in June 2020 that included "past due premiums as well as current premium, and will pay your policy through July 5, 2020" after the notice of the Life Insured's death on July 4, 2020 per the claim process and the attempted refund on or about August 19, 2020 and identify the persons with knowledge of the reasons, justification and basis for this denial and attempted refund and identify all documents that contain the foregoing information.

**ANSWER:**

DOWD & DOWD, P.C

BY:   /s/ William T. Dowd   ,   
WILLIAM T. DOWD (39648)
MICHAEL DURHAM (72776)
211 North Broadway, Suite 4050
St. Louis, Missouri 63102
P: (314) 621-2500
F: (314) 621-2503
bill@dowdlaw.net
racheldowd@dowdlaw.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

*/s/ William T. Dowd*

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **C&A GITTO CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Cause No. 2122-CC00468** |
| **vs.** | ) | |
| | ) | **Division No. 1** |
| **METROPOLITAN TOWER LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Set of Interrogatories Directed to Defendant Metropolitan, states as follows:

## INSTRUCTIONS

A.    In answering each Interrogatory, please identify the source of your information, including the name and address and the business or employer of each person furnishing same, or, if obtained from documents or files, the name and address of the custodian thereof and his business or employer, the location of said documents and a description sufficient to identify same.

B.    If the information requested is not reasonably available to this Defendant, state what efforts this Defendant made to obtain the information, and from what source such information might be obtained, if known to this Defendant.

C.    If the information requested is not available in precisely the form requested but can be supplied in a slightly modified form, please state in your answer whatever information is available concerning the subject of the Interrogatories.

D.     Where the answer calls for information derived from records or documents available to this Defendant, this Defendant may satisfy the Interrogatories by furnishing the documents or copies thereof, to the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Defendant Metropolitan Tower Life Insurance Company (henceforth "Defendant Metropolitan"), and its agents and affiliates and all other persons acting or purporting to act on its behalf.  "Affiliate" means as defined in 12 USC Section 221a(b).

B.     "Person" refers to the plural as well as the singular and means any natural person (whether currently alive or not), firm, association, partnership, corporation or other form of legal entity.

C.     "Identify" when referring to any person (whether connected with identification of documents, oral communications or otherwise), means to set forth the name, present or last known address of each person and, if an individual, his or her employer and title or position during the period referred to.  Once a person has been thus identified in an answer to an Interrogatory, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

D.     "Identify" or "describe" when referring to a document, means to identify each author, originator or contributor, each addressee, including each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy, and to set forth the date and subject matter thereof.

E.     "Document" means any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, manuals,

2

instructions, warranties, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, receipts, canceled checks, money orders, invoices and bills in the possession and/or control of claimant or known by claimant to exist.

 F. "Identify" means, with respect to oral utterance, to state all of the following information:

  (1) State the substance of the oral utterance;

  (2) State the date and place thereof;

  (3) Identify the person who made the oral utterance; and

  (4) Identify such person who was present at the time the oral utterance was made.

## DUTY TO SUPPLEMENT

 These Interrogatories shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend his answers to the extent required by Rule 56.01(e) of the Missouri Rules of Civil Procedure.

## INTERROGATORIES

1. State whether or not this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.

 **ANSWER:**

2. State:

  a. The name and present business address of each and every individual who supplied information used to answer these Interrogatories;

3

    b.  His/her relationship to Defendant Metropolitan; and

    c.  His/her position of employment or his/her legal capacity within Defendant's corporate administration.

**ANSWER:**

3.  Are you aware of any statement made by Plaintiff, its agents servants, employees or attorneys regarding the occurrence mentioned in the Petition including the claim for full death benefit of $184,000 and lack of justification or excuse for Defendants failure to pay the full death benefit, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, identify those materials and state the following:

    a.  Date, place, and time taken;

    b.  Name and address of the person or persons connected with taking it;

    c.  Names and addresses of all persons present at the time it was taken;

    d.  Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.  Whether it was it signed;

    f.  Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.  Please attach an exact copy of the original of the statement, interview, report, film, or tape to your Answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

4

4. List and identify:

    a. Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

        i. Name;

        ii. Address;

        iii. Occupation;

        iv. Place of Employment;

        v. Qualifications to give an opinion (If such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart);

    b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee; and

    c. Identify each non-retained expert witness, including a party, who this Defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER**:

5. State the policy number of each policy issued by this Defendant, as defined herein, on the life of Charles Gitto Sr. ("Life Insured"). If so, identify the policy and state the following:

a.  Name of the insurance company;

b.  Name of the agent or broker who sold the policy;

c.  The amount of the initial premium and the total amount received in the form of payments from or on behalf of Plaintiff through the present;

d.  Amount of the death benefit when the policy was issued;

e.  Type of life insurance product;

f.  Effective date of policy;

g.  Policy number;

h.  Any amendment or changes to the terms and conditions for the owner to receive the death benefits since said policy was issued; and

i.  Identify all documents that contain the foregoing information.

**ANSWER:**


6.  State the reason, justification and basis as to why Defendant Metropolitan did not pay the full death benefit of $184,000 after accepting the reinstatement payment of $2,648.66 in June 2020 that included "past due premiums as well as current premium, and will pay your policy through July 5, 2020" after the notice of the Life Insured's death on July 4, 2020 per the claim process and the attempted refund on or about August 19, 2020 and identify the persons with knowledge of the reasons, justification and basis for this denial and attempted refund and identify all documents that contain the foregoing information.

**ANSWER:**

6

DOWD & DOWD, P.C

BY:    /s/ William T. Dowd
          WILLIAM T. DOWD (39648)
          MICHAEL DURHAM (72776)
          211 North Broadway, Suite 4050
          St. Louis, Missouri 63102
          P: (314) 621-2500
          F: (314) 621-2503
          bill@dowdlaw.net
          racheldowd@dowdlaw.net
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

*/s/ William T. Dowd*

7

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

C&A GITTO CORPORATION,                    )
                                          )
      Plaintiff,                         )
                                          )
                                          )   **Cause No. 2122-CC00468**
vs.                                       )
                                          )   **Division No. 1**
METROPOLITAN TOWER LIFE                   )
INSURANCE COMPANY,                        )
                                          )
      Defendant.                         )

## PLAINTFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT METROPOLITAN TOWER LIFE INSURANCE COMPANY

COMES NOW, Plaintiff, by and through counsel, pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure, and herewith propounds Plaintiff's First Set of Interrogatories Directed to Defendant Metropolitan, states as follows:

### INSTRUCTIONS

A.    In answering each Interrogatory, please identify the source of your information, including the name and address and the business or employer of each person furnishing same, or, if obtained from documents or files, the name and address of the custodian thereof and his business or employer, the location of said documents and a description sufficient to identify same.

B.    If the information requested is not reasonably available to this Defendant, state what efforts this Defendant made to obtain the information, and from what source such information might be obtained, if known to this Defendant.

C.    If the information requested is not available in precisely the form requested but can be supplied in a slightly modified form, please state in your answer whatever information is available concerning the subject of the Interrogatories.

1

D.     Where the answer calls for information derived from records or documents available to this Defendant, this Defendant may satisfy the Interrogatories by furnishing the documents or copies thereof, to the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Defendant Metropolitan Tower Life Insurance Company (henceforth "Defendant Metropolitan"), and its agents and affiliates and all other persons acting or purporting to act on its behalf.  "Affiliate" means as defined in 12 USC Section 221a(b).

B.     "Person" refers to the plural as well as the singular and means any natural person (whether currently alive or not), firm, association, partnership, corporation or other form of legal entity.

C.     "Identify" when referring to any person (whether connected with identification of documents, oral communications or otherwise), means to set forth the name, present or last known address of each person and, if an individual, his or her employer and title or position during the period referred to.  Once a person has been thus identified in an answer to an Interrogatory, it shall be sufficient thereafter when identifying that person to merely state his or her full name.

D.     "Identify" or "describe" when referring to a document, means to identify each author, originator or contributor, each addressee, including each present custodian of the original and each copy thereof bearing any marking or notation not found on the original or other identified copy, and to set forth the date and subject matter thereof.

E.     "Document" means any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, purchase orders, blueprints, manuals,

2

instructions, warranties, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, interoffice communications, receipts, canceled checks, money orders, invoices and bills in the possession and/or control of claimant or known by claimant to exist.

F.     "Identify" means, with respect to oral utterance, to state all of the following information:

(1)   State the substance of the oral utterance;

(2)   State the date and place thereof;

(3)   Identify the person who made the oral utterance; and

(4)   Identify such person who was present at the time the oral utterance was made.

## DUTY TO SUPPLEMENT

These Interrogatories shall be deemed continuing, and this Defendant shall be obligated to change, supplement and amend his answers to the extent required by Rule 56.01(e) of the Missouri Rules of Civil Procedure.

## INTERROGATORIES

1.     State whether or not this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.

**ANSWER:**

2.   State:

a.   The name and present business address of each and every individual who supplied information used to answer these Interrogatories;

3

    b.   His/her relationship to Defendant Metropolitan; and

    c.   His/her position of employment or his/her legal capacity within Defendant's corporate administration.

**ANSWER**:

3.   Are you aware of any statement made by Plaintiff, its agents servants, employees or attorneys regarding the occurrence mentioned in the Petition including the claim for full death benefit of $184,000 and lack of justification or excuse for Defendants failure to pay the full death benefit, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, and, if so, identify those materials and state the following:

    a.   Date, place, and time taken;

    b.   Name and address of the person or persons connected with taking it;

    c.   Names and addresses of all persons present at the time it was taken;

    d.   Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.   Whether it was it signed;

    f.   Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

    g.   Please attach an exact copy of the original of the statement, interview, report, film, or tape to your Answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER**:

4. List and identify:

    a. Each person this Defendant expects to call as an expert witness at the trial, stating for each such expert:

        i. Name;

        ii. Address;

        iii. Occupation;

        iv. Place of Employment;

        v. Qualifications to give an opinion (If such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this Interrogatory subpart);

    b. With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee; and

    c. Identify each non-retained expert witness, including a party, who this Defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER:**

5. State the policy number of each policy issued by this Defendant, as defined herein, on the life of Charles Gitto Sr. ("Life Insured"). If so, identify the policy and state the following:

5

a.   Name of the insurance company;

b.   Name of the agent or broker who sold the policy;

c.   The amount of the initial premium and the total amount received in the form of payments from or on behalf of Plaintiff through the present;

d.   Amount of the death benefit when the policy was issued;

e.   Type of life insurance product;

f.   Effective date of policy;

g.   Policy number;

h.   Any amendment or changes to the terms and conditions for the owner to receive the death benefits since said policy was issued; and

i.   Identify all documents that contain the foregoing information.

**ANSWER:**

6.   State the reason, justification and basis as to why Defendant Metropolitan did not pay the full death benefit of $184,000 after accepting the reinstatement payment of $2,648.66 in June 2020 that included "past due premiums as well as current premium, and will pay your policy through July 5, 2020" after the notice of the Life Insured's death on July 4, 2020 per the claim process and the attempted refund on or about August 19, 2020 and identify the persons with knowledge of the reasons, justification and basis for this denial and attempted refund and identify all documents that contain the foregoing information.

**ANSWER:**

6

DOWD & DOWD, P.C

BY: /s/ William T. Dowd
   WILLIAM T. DOWD (39648)
   MICHAEL DURHAM (72776)
   211 North Broadway, Suite 4050
   St. Louis, Missouri 63102
   P: (314) 621-2500
   F: (314) 621-2503
   bill@dowdlaw.net
   racheldowd@dowdlaw.net
   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that an original and two copies of the foregoing were served on the Defendant Metropolitan Tower Life Insurance Company with service of process and that an electronic version in both Word and PDF format were also provided.

*/s/ William T. Dowd*

7